IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| MARCIO MARTINEZ AND § | |
| NORMA PINEDA § | |
| § | |
| V. § | CIVIL ACTION NO. 6:15-cv-00905 |
| § | |
| TRAVELERS LLOYDS OF TEXAS § | **JURY TRIAL** |
| INSURANE COMPANY AND § | |
| RODNEY TROXLER § | |

**NOTICE OF REMOVAL**

Defendant, Travelers Lloyds of Texas Insurance Company ("Travelers") through undersigned counsel and pursuant to 28 U.S.C §§ 1441 and 1446, file this Notice of Removal of the action captioned as follows: *Marcio Martinez & Norma Pineda v. Travelers Lloyds of Texas Insurance Company & Rodney Troxler*, Cause No. 15-1897-B, 114th Judicial District Court, Smith County, Texas.[1]  In support of this Notice of Removal, Travelers respectfully represents the following:

1. Plaintiffs Marcio Martinez and Norma Pineda ("Plaintiffs") commenced the state-court action against Travelers on or about September 9, 2015, by filing Plaintiffs' Original Petition (the "Petition") in the 114th Judicial District Court of Smith County, Texas.  Travelers was served with the summons and a copy of the complaint on September 18, 2015.

2. A copy of all process, pleadings, and orders in the state-court action is filed with this Notice of Removal.

3. The Petition avers that Plaintiffs are resident citizens of Smith County, Texas. (Pet. ¶ 2.)

---

[1] The 114th Judicial District Court of Smith County, Texas is located at 100 N. Broadway, Rm. 209, Tyler, Texas 75702

4. The Petition alleges that Travelers is an insurance company engaging in the business of insurance in the State of Texas. (Pet. ¶ 3.) In fact, Travelers is an unincorporated association of 12 underwriters, all of whom reside outside of Texas and are citizens of a state other than Texas – the domiciliary state for the underwriters is Connecticut. For diversity purposes, the citizenship of an unincorporated association is determined by the citizenship of each member of the entity.[2] The members of a Lloyds plan are the underwriters alone.[3] Because each of the underwriters is a citizen of a state other than Texas, Travelers is not a Texas citizen.[4]

5. The Petition alleges that Defendant Rodney Troxler ("Troxler") is an individual residing in and domiciled in the State of North Carolina. (Pet. ¶ 4.)

6. The Petition alleges Plaintiffs are insured by an insurance policy issued by Travelers that insures their property located at 3216 Teakwood Drive, Tyler, Texas 75701 (the "Property"). (Pet. ¶¶ 9-10.)

7. The Petition alleges that "[o]n or about May 14, 2015, a hail storm and/or windstorm struck Smith County, Texas causing severe damage to homes and businesses throughout the area, including Plaintiffs' residence." (Pet. ¶ 12.) Plaintiffs specifically allege that the Property's roof sustained extensive damage during the storm and that water intruded through the roof causing significant damage throughout the entire home. (*Id.*) They claim that "[a]fter the storm, Plaintiffs filed a claim with their insurance company, [Travelers], for the damages to their home caused by the storm." (*Id.*) Plaintiffs' petition alleges that Travelers failed to properly adjust

---

[2] *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-95 (1990).
[3] *Royal Ins. Co. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993); *Massey v. State Farm Lloyds Ins. Co.*, 993 F.Supp. 568, 570 (S.D. Tex. 1998) ("In this case, therefore, the citizenship of State Farm Lloyds must be determined solely by the citizenship of its members, or underwriters.").
[4] *Massey*, 993 F.Supp. at 570 ("Because no member of State Farm Lloyds is a Texas resident, complete diversity exists between the parties to this action, and this Court has federal diversity jurisdiction under 28 U.S.C. § 1332."); *Rappaport v. State Farm Lloyds*, 1998 WL 249211 (N.D. Tex. 1998) ("Because the Court finds that State Farm Lloyds is an unincorporated association whose members are completely diverse with Plaintiff, Plaintiff's Motion to Remand is DENIED.").


the claim, improperly paid Plaintiffs' claim, and failed to perform its contractual duty to adequately compensate Plaintiffs under the terms of the Policy. (Petition, ¶¶ 12-32.)

8. Plaintiffs allege in the Petition that they are seeking damages in an amount over $200,000 but not more than $1,000,000. (Pet. ¶ 5.) This amount satisfies the minimum jurisdictional requirements of this Court.

9. Defendant Troxler agrees and consents with the Removal of this matter to this Court.

10. This Notice of Removal is filed within 30 days of service of the Petition and is therefore timely under 28 U.S.C. § 1446 (b).

11. Travelers denies the underlying facts as alleged by Plaintiffs or as summarized in this Notice. Travelers expressly denies that it has any liability to Plaintiffs.

## DIVERSITY JURISDICTION

12. This Court has original jurisdiction pursuant to 28 U.S.C § 1332(a), and this matter is therefore removable to this Court pursuant to 28 U.S.C. § 1441(a), because there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs. Plaintiffs are citizens of Texas, Travelers is domiciled in and maintains its principal place of business in Connecticut, and Troxler is a citizen of North Carolina.

13. The amount in controversy exceeds the jurisdictional minimum of $75,000 set by 28 U.S.C. § 1332 (a). In the Petition, Plaintiffs allege that they are seeking damages in an amount over $200,000 but not more than $1,000,000. (Pet. ¶ 5.) Attorneys' fees and penalties may be included as part of the amount in controversy for jurisdictional purposes. *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes, Inc.*, 227 F.3d 326, 330 (5th Cir. 2000).

14. Plaintiffs in Texas are also not limited to recovery of damages requested in their pleadings. "Litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints…" *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992). "The general principle is that Plaintiff will have to show that they are bound irrevocably by their state pleadings." *Id.* at 1412, n. 10.

15. No binding stipulation or affidavit was filed with the Petition.

## **REMOVAL PROCEDURE**

16. Travelers has provided the clerk of the 114th Judicial District Court of Smith County, Texas with notice of this removal.

17. Pursuant to Local Rule 81, copies of the following documents are hereby provided to the clerk of this Court for filing in connection with this Notice of Removal:

    a. Index of matters being filed;

    b. The state-court file, including all executed process, pleadings and exhibits, and state-court orders, which will be supplemented with certified copies as soon as they are available from the state court;

    c. The Notice of Removal filed with the Texas state court; and

    d. A list of all parties and their counsel of record; and

    e. A record of which parties have requested trial by jury.

WHEREFORE, Travelers hereby provides notice that this action is duly removed.

Respectfully submitted,

*/s/ Rebecca A. Moore*_____
Rebecca A. Moore
Attorney-in-Charge
Texas Bar No.: 24031701
LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD,
   A LAW CORPORATION

        815 Walker Street, Suite 1447
        Houston, Texas 77002
        Telephone:  (713) 222-1990
        Facsimile:  (713) 222-1996

        ATTORNEY-IN-CHARGE FOR DEFENDANTS,
        TRAVELERS LLOYDS OF TEXAS INSURANCE
        COMPANY AND RODNEY TROXLER

## **CERTIFICATE OF SERVICE**

  This is to certify that a true and correct copy of the above pleading has been forwarded by Electronic service or certified mail or facsimile transmission on this the 16th day of October, 2015 to:

Rene M. Sigman
The Mostyn Law Firm
3810 W. Alabama Street
Houston, Texas 77027

        */s/ Rebecca A. Moore*
        Rebecca A. Moore