

**CORPORATION SERVICE COMPANY**

**SLM / ALL**
**Transmittal Number: 14257792**
**Date Processed: 09/18/2015**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Pamela Hoff<br>The Travelers Companies, Inc.<br>385 Washington Street,  MC 515A<br>Saint Paul, MN 55102 |

| | |
|---|---|
| **Entity:** | Travelers Lloyds of Texas Insurance Company<br>Entity ID Number  2379977 |
| **Entity Served:** | Travelers Lloyds of Texas Insurance Company |
| **Title of Action:** | Marcio Martinez vs. Travelers Lloyds of Texas Insurance Comopany |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Smith County District Court, Texas |
| **Case/Reference No:** | 15-1897-B |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 09/18/2015 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Rene M. Sigman<br>713-714-0000 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

q 97140

**COPY**

| CLERK OF THE COURT | ATTORNEY FOR PLAINTIFF OR PLAINTIFF |
|---|---|
| LOIS ROGERS<br>**District Clerk**<br>**100 N. BROADWAY STE 204**<br>Tyler, Texas  75702<br>(903) 590-1660 | RENE' M. SIGMAN; RENE' M. SIGMAN<br><br>**3810 W ALABAMA STREET**<br>**HOUSTON TX  77027**<br>713-714-0000 |



**CAUSE NO. 15-1897-B**

# THE STATE OF TEXAS
## CITATION FOR PERSONAL SERVICE



**NOTICE TO DEFENDANT:** "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by ten o'clock (10:00) A.M. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you."

---

**T0:     TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY- - - RESPONDENT**
**ATTORNEY FOR SERVICE CORPORATION SERVICE COMPANY,**
**211 EAST 7TH STREET, SUITE 620, AUSTIN,TEXAS  78701**

---

**GREETINGS:** You are hereby commanded to appear before the **114th District Court** of Smith County, Texas, to be held at the Courthouse of said County in the City of Tyler, Smith County, Texas, by filing a written answer to **PLAINTIFF'S ORIGINAL PETITION** at or before ten o'clock (10:00) A.M. on the Monday next after the expiration of twenty (20) days after the date of service hereof, **PLAINTIFF'S ORIGINAL PETITION** a copy of which accompanies this citation in Cause Number **15-1897-B**, filed on the docket of said Court **ON THIS THE 9TH DAY OF SEPTEMBER, 2015,** and styled,

**Marcio Martinez, Norma Pineda vs. Travelers Lloyds of Texas Insurance Company, Rodney Troxler**

The officer executing this writ shall serve the same according to the requirements of law, and the mandates thereof, and make due return as the law directs.
Issued and given under my hand and seal of said Court at Tyler, Texas, this date: **September 10, 2015**


**ATTEST:  LOIS ROGERS, DISTRICT CLERK**

**CLERK OF THE COURT**
**LOIS ROGERS**



100 N. Broadway
Smith County Courthouse, Room 204
Tyler, Texas  75702


SMITH COUNTY, TEXAS
By:  *Mary Pyle* Deputy
     **Mary Pyle**

**CAUSE NO. 15-1897-B**

09/18/15

## SERVICE OF CITATION RETURN

Came to hand on the _18_ day of _September_ , 20_15_, at _10:20 AM_ o'clock __.M. and, executed at _____, _____ County, Texas, on the _____ day of _____, 20___ at _____ o'clock ___.M., by delivering to the within-named respondent, **TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY** in person, a true copy of this Citation, together with the accompanying copy of **PLAINTIFF'S ORIGINAL PETITION** having first attached such copy of such **PLAINTIFF'S ORIGINAL PETITION** to such copy of citation and endorsed on such copy of citation the date of delivery.

Not executed as to the within-named Respondent, **TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY.**
 Due diligence used by officer or authorized person: _____ and the cause of failure to execute this process is:_____ and the information received as to the whereabouts of the said Respondent,  being:
_____.

To certify which witness my hand officially:

FEES - Serving _____ copy(ies): $_____._____
                                                SHERIFF/PROCESS SERVER
        TOTAL: $_____._____ _____County, Texas

                        BY:_____
                                                Deputy/Process Server

## COMPLETE IF YOUR ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT

In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is _____, and my address is _____
                (First, Middle, Last)
_____.
(Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____ County, State of_____, on the _____day of _____.

                        _____Declarant/Authorized Process Server

                        _____(Id # & expiration of certification)

Electronically Filed
9/9/2015 1:21:10 PM
Lois Rogers, Smith County District Clerk
Reviewed By: Mary Pyle

CAUSE NO. _____    15-1897-B

| | | |
|---|---|---|
| MARCIO MARTINEZ AND NORMA PINEDA,<br> *Plaintiffs*, | §<br>§<br>§<br>§ | IN THE DISTRICT COURT OF |
| v. | §<br>§ | SMITH COUNTY, TEXAS |
| TRAVELERS LLOYDS OF TEXAS INSURANCE COMOPANY AND RODNEY TROXLER,<br> *Defendants*. | §<br>§<br>§<br>§ | \_\_\_\_\_ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

 COME NOW, Marcio Martinez and Norma Pineda ("Plaintiffs") and file this, *Plaintiffs' Original Petition*, complaining of Travelers Lloyds of Texas Insurance Company ("TLTIC") and Rodney Troxler ("Troxler") (collectively referred to as "Defendants"), and for cause of action, Plaintiffs would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1. Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

## PARTIES

2.    Plaintiffs Marcio Martinez and Norma Pineda are individuals residing in Smith County, Texas.

3.    Defendant TLTIC is an insurance company engaging in the business of insurance in the State of Texas. This defendant may be served with personal process, by a process server, by serving its Attorney for Service, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

4.    Defendant Rodney Troxler is an individual residing in and domiciled in the State of North Carolina. This defendant may be served with personal process by a process server at its place of residence at 7950 Brook Lakes Rd., Browns Summit, North Carolina 27214.

## JURISDICTION

5.    The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiffs are seeking monetary relief over $200,000 but not more than $1,000,000. Plaintiffs reserve the right to amend their petition during and/or after the discovery process.

6.    The Court has jurisdiction over Defendant TLTIC because this defendant is a domestic insurance company that engages in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

7.    The Court has jurisdiction over Defendant Troxler because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

Page 2

**VENUE**

8.  Venue is proper in Smith County, Texas, because the insured property is situated in Smith County, Texas. Tex. Civ. Prac. & Rem. Code §15.032.

**FACTS**

9.  Plaintiffs are the owners of a Texas Homeowners' Insurance Policy (hereinafter referred to as "the Policy"), which was issued by TLTIC.

10.  Plaintiffs own the insured property, which is specifically located at 3216 Teakwood Drive, Tyler, Texas 75701, in Smith County (hereinafter referred to as "the Property").

11.  TLTIC sold the Policy insuring the Property to Plaintiffs.

12.  On or about May 14, 2015, a hail storm and/or windstorm struck Smith County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiffs' residence ("the Storm"). Specifically, Plaintiffs' roof sustained extensive damage during the storm. Water intrusion through the roof caused significant damage throughout the entire home including, but not limited to, the home's ceilings, walls, insulation, and flooring. Plaintiffs' home also sustained substantial structural and exterior damage during the storm. For example, Plaintiffs' fence suffered damages. After the storm, Plaintiffs filed a claim with their insurance company, TLTIC, for the damages to their home caused by the Storm.

13.  Plaintiffs submitted a claim to TLTIC against the Policy for Other Structure Damage, Roof Damage, Structural Damage, Water Damage, and Wind Damage the Property sustained as a result of the Storm.

14.   Plaintiffs asked that TLTIC cover the cost of repairs to the Property, including but not limited to, repair and/or replacement of the roof and repair of the siding and interior water damages to the Property, pursuant to the Policy.

15.   Defendant TLTIC assigned Defendant Troxler as the individual adjuster on the claim. The adjuster assigned to Plaintiffs' claim was improperly trained and failed to perform a thorough investigation of Plaintiffs' claim. Troxler conducted a substandard inspection of Plaintiffs' property. For example, Troxler spent a mere twenty (20) minutes inspecting Plaintiffs' property for damages. The inadequacy of Troxler's inspection is further evidenced by his report, which failed to include all of Plaintiffs' damages noted upon inspection. For example, Troxler omitted some of the interior damages from his report. Moreover, Troxler both underestimated and undervalued the cost of repairs to the damaged items that he did include in the estimate. Furthermore, Troxler's estimate underpriced the cost of materials required for necessary repairs. Ultimately, Troxler's estimate did not allow adequate funds to cover the cost of repairs to all the damages sustained. Troxler's inadequate investigation of the claim was relied upon by the other parties in this action and resulted in Plaintiffs' claim being undervalued and underpaid.

16.   Defendant Traveler, along with other Traveler personnel, failed to thoroughly review and properly oversee the work of the assigned claims representative and adjusters, including Defendant Troxler, ultimately approving an improper adjustment of and an inadequate, unfair settlement of Plaintiffs' claim.   Further, Defendants Traveler and Troxler misrepresented that Plaintiffs' damages were not covered under the Policy, when the losses, in fact, were properly covered damages. Traveler denied Plaintiffs' claim without performing a reasonable investigation. In particular, Traveler took the position that the

Page 4

damages caused by the Storm were not covered under the Policy. As a result of Defendants Traveler's and Troxler's wrongful acts and omissions set forth above and further described herein, Plaintiffs were considerably underpaid on their claim and have suffered damages.

17. Together, Traveler and Troxler set out to deny and/or underpay on properly covered damages. As a result of this unreasonable investigation, including the under-scoping of Plaintiffs' Storm damages during the investigation and failure to provide full coverage for the damages sustained, Plaintiffs' claim was improperly adjusted, and they were denied adequate and sufficient payment to repair their home. The mishandling of Plaintiffs' claim has also caused a delay in their ability to fully repair their home, which has resulted in additional damages. To date, Plaintiffs have yet to receive the full payment to which they are entitled under the Policy.

18. As detailed in the paragraphs below, TLTIC wrongfully denied Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Furthermore, TLTIC underpaid some of Plaintiffs' claims by not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its investigation.

19. To date, TLTIC continues to delay in the payment for the damages to the property. As such, Plaintiffs have not been paid in full for the damages to their home.

20. Defendant TLTIC failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon

the Policy had been carried out and accomplished by Plaintiffs. TLTIC's conduct constitutes a breach of the insurance contract between TLTIC and Plaintiffs.

21. Defendants TLTIC and Troxler misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants TLTIC's and Troxler's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

22. Defendants TLTIC and Troxler failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendants TLTIC's and Troxler's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

23. Defendants TLTIC and Troxler failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. Specifically, Defendants TLTIC and Troxler failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants TLTIC and Troxler did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendants TLTIC's and Troxler's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

24. Defendants TLTIC and Troxler failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants TLTIC and Troxler. Defendants TLTIC's and Troxler's conduct constitutes a violation

of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE §541.060(a)(4).

25.     Defendants TLTIC and Troxler refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendants TLTIC and Troxler failed to conduct a reasonable investigation.   Specifically, Defendants TLTIC and Troxler performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property.   Defendants TLTIC's and Troxler's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE §541.060(a)(7).

26.     Defendant TLTIC failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim, within the statutorily mandated time of receiving notice of Plaintiffs' claim.   TLTIC's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.   TEX. INS. CODE §542.055.

27.     Defendant TLTIC failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information.   TLTIC's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.   TEX. INS. CODE §542.056.

28.     Defendant TLTIC failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay.   Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not received full

payment for their claim. TLTIC's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

29. From and after the time Plaintiffs' claim was presented to Defendant TLTIC, the liability of TLTIC to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, TLTIC has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. TLTIC's conduct constitutes a breach of the common law duty of good faith and fair dealing.

30. Defendants TLTIC and Troxler knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

31. As a result of Defendants TLTIC's and Troxler's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

32. Plaintiffs' experience is not an isolated case. The acts and omissions TLTIC committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of TLTIC with regard to handling these types of claims. TLTIC's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## CAUSES OF ACTION:

### CAUSES OF ACTION AGAINST DEFENDANT TROXLER
### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

33. Defendant TLTIC assigned Defendant Troxler to adjust the claim. Defendant Troxler was improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiffs' damages. During its investigation, the adjuster failed to properly assess Plaintiffs' hail storm and/or windstorm damages. The adjuster also omitted covered damages from its report, including many of Plaintiffs' interior damages. In addition, the damages that the adjuster did include in the estimate were severely underestimated.

34. Defendant Troxler's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

35. Defendant Troxler is individually liable for its unfair and deceptive acts, irrespective of the fact it was acting on behalf of TLTIC, because it is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

Page 9

36.  Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendant Troxler's misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiffs' damages; (2) stating that Plaintiffs' damages were less severe than they in fact were; (3) using his/her own statements about the non-severity of the damage as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiffs received. Defendant Troxler's unfair settlement practice, as described above and the example given herein, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

37.  Defendant Troxler's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

38.  Defendant Troxler failed to explain to Plaintiffs the reasons for its offer of an inadequate settlement.  Specifically, Defendant Troxler failed to offer Plaintiffs adequate compensation without any explanation as to why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiffs' claim. The unfair

settlement practice of Defendant Troxler as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

39. Defendant Troxler's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

40. Defendant Troxler did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiffs' exterior and interior damages, although reported by Plaintiffs to TLTIC. Defendant Troxler's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

## CAUSES OF ACTION AGAINST ALL DEFENDANTS

41. Plaintiffs are not making any claims for relief under federal law.

### FRAUD

42. Defendants TLTIC and Troxler are liable to Plaintiffs for common law fraud.

43. Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as they

did, and which Defendants TLTIC and Troxler knew were false or made recklessly without any knowledge of their truth as a positive assertion.

44.   The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

### CONSPIRACY TO COMMIT FRAUD

45.   Defendants TLTIC and Troxler are liable to Plaintiffs for conspiracy to commit fraud. Defendants TLTIC and Troxler were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means.  In reaching a meeting of the minds regarding the course of action to be taken against Plaintiffs, Defendants TLTIC and Troxler committed an unlawful, overt act to further the object or course of action.  Plaintiffs suffered injury as a proximate result.

### CAUSES OF ACTION AGAINST TLTIC ONLY

46.   Defendant TLTIC is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

### BREACH OF CONTRACT

47.   Defendant TLTIC's conduct constitutes a breach of the insurance contract made between TLTIC and Plaintiffs.

48.   Defendant TLTIC's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of TLTIC's insurance contract with Plaintiffs.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

49.     Defendant TLTIC's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

50.     Defendant TLTIC's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

51.     Defendant TLTIC's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though TLTIC's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

52.     Defendant TLTIC's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

53.     Defendant TLTIC's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

54.    Defendant TLTIC's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

55.    Defendant TLTIC's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

56.    Defendant TLTIC's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

57.    Defendant TLTIC's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

58.    Defendant TLTIC's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## ACTS CONSTITUTING ACTING AS AGENT

59.    As referenced and described above, and further conduct throughout this litigation and lawsuit, Troxler is an agent of TLTIC based on its acts during the handling of this claim,

Page 14

including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

60.    Separately, and/or in the alternative, as referenced and described above, TLTIC ratified the actions and conduct of Troxler including the completion of its duties under the common law and statutory law.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

61.    Defendant TLTIC's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

62.    Defendant TLTIC's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, TLTIC knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

63.    Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

## DAMAGES

64.    Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

65.    As previously mentioned, the damages caused by the Storm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs.  These damages are a

direct result of Defendant TLTIC's and Troxler's mishandling of Plaintiffs' claim in violation of the laws set forth above.

66. For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorney's fees.

67. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages. TEX. INS. CODE §541.152.

68. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

69. For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

70. For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

71. For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of

Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

72.     Plaintiffs hereby request that all causes of action alleged herein be tried before a jury consisting of citizens residing in Smith County, Texas.  Plaintiffs hereby tender the appropriate jury fee.

## WRITTEN DISCOVERY

### REQUESTS FOR DISCLOSURES

73.     *Plaintiffs' Request for Disclosure to Defendant Travelers Lloyds of Texas Insurance Company* is attached as "Exhibit A."  *Plaintiffs' Request for Disclosure to Defendant Rodney Troxler* is attached as "Exhibit A-1."

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found.  In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

**MOSTYN LAW**

_/s/ René M. Sigman_____
René M. Sigman
State Bar No. 24037492
rmsdocketefile@mostynlaw.com
3810 W. Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

**ATTORNEY FOR PLAINTIFFS**

**"EXHIBIT A"**

**CAUSE NO._____**

| | | |
|---|---|---|
| MARCIO MARTINEZ AND NORMA PINEDA, | § § | IN THE DISTRICT COURT OF |
|   *Plaintiffs,* | § § | |
| v. | § § | SMITH COUNTY, TEXAS |
| TRAVELERS LLOYDS OF TEXAS INSURANCE COMOPANY AND RODNEY TROXLER, | § § § § | |
|   *Defendants.* | § | _____JUDICIAL DISTRICT |

## PLAINTIFFS' REQUEST FOR DISCLOSURE TO DEFENDANT TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY

TO: DEFENDANT TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY, by and through its Attorney fro Service: Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

  Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs request that the above-named Defendant, Travelers Lloyds of Texas Insurance Company (hereinafter referred to as "Defendant"), disclose, within fifty-one (51) days after the date of service of this request, the information or material described in Rule 194.2.

     Respectfully submitted,

     MOSTYN LAW

     */s/ René M. Sigman*
     René M. Sigman
     State Bar No. 24037492
     rmsdocketefile@mostynlaw.com
     3810 W. Alabama Street
     Houston, Texas 77027
     (713) 714-0000 (Office)
     (713) 714-1111 (Facsimile)

**ATTORNEY FOR PLAINTIFFS**

"EXHIBIT A-1"

CAUSE NO._____

| | | |
|---|---|---|
| MARCIO MARTINEZ AND NORMA PINEDA, *Plaintiffs,* | §<br>§<br>§<br>§ | IN THE DISTRICT COURT OF |
| v. | §<br>§ | SMITH COUNTY, TEXAS |
| TRAVELERS LLOYDS OF TEXAS INSURANCE COMOPANY AND RODNEY TROXLER, *Defendants.* | §<br>§<br>§<br>§ | _____JUDICIAL DISTRICT |

## PLAINTIFFS' REQUEST FOR DISCLOSURE TO DEFENDANT RODNEY TROXLER

TO:   DEFENDANT RODNEY TROXLER, at 7950 Brook Lakes Rd., Browns Summit, North Carolina 27214.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs request that the above-named Defendant, Rodney Troxler (hereinafter referred to as "Defendant"), disclose, within fifty-one (51) days after the date of service of this request, the information or material described in Rule 194.2.

Respectfully submitted,

MOSTYN LAW

*/s/ René M. Sigman*
René M. Sigman
State Bar No. 24037492
rmsdocketefile@mostynlaw.com
3810 W. Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

## ATTORNEY FOR PLAINTIFFS

Electronically Filed
10/9/2015 10:28:03 AM
Lois Rogers, Smith County District Clerk
Reviewed By: Lana Fields

## CAUSE NO. 15-1897-B

| | | |
|---|---|---|
| **MARCIO MARTINEZ AND NORMA PINEDA,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| | § | |
| **v.** | § | **SMITH COUNTY, TEXAS** |
| | § | |
| **TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY AND RODNEY TROXLER,** | § | |
| | § | |
| **Defendants.** | § | **114TH JUDICIAL DISTRICT** |

## DEFENDANTS' ORIGINAL ANSWER

In response to Plaintiff's Original Petition (the "Petition"), Defendants Rodney Troxler and Travelers Lloyds of Texas Insurance Company ("Travelers," collectively "Defendants") file their Original Answer thereto.

## I.
## GENERAL DENIAL

Defendants deny all and singular the allegations contained in the Petition and demand strict proof thereof.

## II.
## ADDITIONAL DEFENSES

1.    Defendants deny that all conditions precedent to Plaintiffs' claims for recovery have occurred or been met, and they have not been waived.

2.    Coverage is precluded to the extent that the loss occurred outside the policy period.

3.    Coverage is precluded to the extent Plaintiffs seek damages for property damage that was not caused by a "Peril Insured Against."

4.      Coverage for dwelling and other building structure(s) is precluded to the extent Plaintiffs seek reimbursement for more than the "smallest" of the following:  "(1) the limit of liability under this policy applicable to the damaged or destroyed building structure(s); (2) the cost to repair or replace that part of the building structure(s) damaged, with material of like kind and quality and for the same use and occupancy on the same premises; or (3) the amount actually and necessarily spent to repair or replace the damaged building structure(s)."

5.      Coverage for wall to wall carpeting and fences is precluded to the extent Plaintiffs seek reimbursement for more than the "smallest" of the following: "(1) the actual cash value at the time of loss determined with proper deduction for depreciation; (2) the cost to repair or replace the damaged property with material of like kind and quality, with proper deduction for depreciation; or (3) the specific limit of liability of the policy."

6.      Some or all of Plaintiffs' claims may be excluded by breach of policy requirements and/or conditions in the Policy, including the insured's Duties After Loss, such as giving prompt written notice of the facts relating to the claim, protecting the property from further damage, and making "reasonable and necessary repairs to protect the property."

7.      Plaintiffs' claims are barred in whole or in part by the Settling, Cracking, Bulging, Shrinkage or Expansion of Specific Property exclusion.

8.      Plaintiffs' claims may be barred in whole or in part because the policy does not insure for loss caused by "constant or repeated seepage or leakage of water or steam, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more."

9.      Plaintiffs' claims are barred in whole or in part by the exclusion for water damage, including damage caused by "[f]lood, surface water, ground water . . ., whether or not a result of precipitation or driven by wind."

10.     Plaintiffs' claims are barred in whole or in part by the exclusion for water damage, including damage cause by "[a]ny water or water borne material located below the surface of the ground including water or water borne material: (1) Which exerts pressure on, seeps, leaks or flows into: (a) Any part of the dwelling or other structures; (b) The foundation of the dwelling or other structures; (c) Any paved surface located on the residence premises; or (d) Any spa, hot tub, or swimming pool. (2) Which causes earth movement."

11.     Plaintiffs' claims may be barred in whole or in part by the Building Laws exclusion.

12.     Travelers reserves the right to invoke the Appraisal Provision.

13.     Coverage is precluded to the extent Plaintiffs seek reimbursement for the replacement cost value of property which has not been repaired or replaced and/or is not covered under the Policy.

14.     Plaintiffs have failed to mitigate their damages.

15.     Plaintiffs' claims are subject to the deductible of the insurance policy at issue as well as the limits therein.

16.     All or a portion of Plaintiffs' claims were caused by the negligence and/or comparative responsibility of Plaintiffs, persons acting on Plaintiffs' behalf and/or under Plaintiffs' direction or control, and/or third parties over which Defendants had no control.

17.     Defendants are entitled to a credit or offset for all amounts previously paid by any other insurer, if any, including Travelers.

18.     Plaintiffs' claims may be barred in whole or in part by the Fungi, Other Microbes or Rot exclusion.

19.     Plaintiffs' claims for punitive and exemplary damages are barred in whole or in part by the Due Process Clause and the Excessive Fines Clause of the United States Constitution, Chapter 41 of the Texas Civil Practice & Remedies Code, or any other applicable law.

WHEREFORE, PREMISES CONSIDERED, Defendants Rodney Troxler and Travelers Lloyds of Texas Insurance Company pray that Plaintiffs take nothing by this suit, and that Defendants go hence and recover costs on their behalf expended.

Respectfully submitted,

*/s/ Wm. Lance Lewis*
WM. LANCE LEWIS
Texas Bar No. 12314560
ALISSA PUCKETT
Texas Bar No. 24056886
**QUILLING, SELANDER, LOWNDS,**
**WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas  75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
llewis@qslwm.com
apuckett@qslwm.com

**ATTORNEYS FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing pleading has been furnished to Plaintiff's counsel of record, via electronic service, in accordance with the Texas Rules of Civil Procedure, this 9th day of October 2015 at the address indicated below:

René M. Sigman
Mostyn Law
3810 W. Alabama Street
Houston, Texas 77027

*/s/ Wm. Lance Lewis*
Wm. Lance Lewis /Alissa Puckett

Electronically Filed
10/13/2015 4:00:52 PM
Lois Rogers, Smith County District Clerk
Reviewed By: Lana Fields

CAUSE NO. 15-1897-B

| | | |
|---|---|---|
| MARCIO MARTINEZ AND | § | IN THE DISTRICT COURT OF |
| NORMA PINEDA | § | |
| | § | |
| v. | § | SMITH COUNTY, TEXAS |
| | § | |
| TRAVELERS LLOYDS OF TEXAS | § | |
| INSURANCE COMPANY AND | § | |
| AND RODNEY TROXLER | § | 114th JUDICIAL DISTRICT |

## AGREED MOTION TO WITHDRAW
## AND SUBSTITUTE COUNSEL BY DEFENDANTS

Defendants, Travelers Lloyds of Texas Insurance Company and Rodney Troxler file this Agreed Motion to Withdraw and Substitute Counsel and in support thereof states:

### I.

Defendants have retained the law firm of Lugenbuhl¸ Wheaton, Peck, Rankin & Hubbard, A Law Corporation and designate Rebecca A. Moore of that firm as lead counsel in the above-captioned matter.

WHEREFORE, PREMISES CONSIDERED, Travelers Lloyds of Texas Insurance Company and Rodney Troxler request that the Court substitute Rebecca A. Moore and the law firm Lugenbuhl, Wheaton, Peck, Rankin & Hubbard, A Law Corporation for Wm. Lance Lewis Alissa Puckett and the law firm of Quilling, Selander, Lownds, Winslett & Moser, P.C. as attorneys of record in the above-captioned cause.

*[Signatures on next page]*

Respectfully submitted,

LUGENBUHL, WHEATON, PECK, RANKIN &
    HUBBARD, A LAW CORPORATION

/s/ Rebecca A. Moore
Rebecca A. Moore
Texas Bar No. 24031701
rmoore@lawla.com
815 Walker Street, Suite 1447
Houston, Texas 77002
Telephone:  (713) 222-1990
Facsimile:  (713) 222-1996

ATTORNEYS FOR DEFENDANTS,
TRAVELERS LLOYDS OF TEXAS INSURANCE
COMPANY AND RODNEY TROXLER


QUILLING, SELANDER, LOWNDS, WINSLETT &
MOSER, P.C.

/s/ Alissa Puckett       (with permission)
Alissa Puckett
Texas Bar No. 24056886
apuckett@qslwm.com
Wm. Lance Lewis
Texas Bar No. 12314560
llewis@qslwm.com
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 871-2100
Facsimile:  (214) 871-2111

FORMER ATTORNEYS FOR DEFENDANTS,
TRAVELERS LLOYDS OF TEXAS INSURANCE
COMPANY AND RODNEY TROXLER

2

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the above pleading has been forwarded via electronic filing and/or facsimile, on this the 13th day of October, 2015 to:

Rene M. Sigman
The Mostyn Law Firm
3810 West Alabama Street
Houston, Texas 77027

Alissa Puckett
Wm. Lance Lewis
2001 Bryan Street, Suite 1800
Dallas, Texas 75201

*Rebecca A. Moore*
Rebecca A. Moore

CAUSE NO. 15-1897-B

| | | |
|---|---|---|
| MARCIO MARTINEZ AND | § | IN THE DISTRICT COURT OF |
| NORMA PINEDA | § | |
| | § | |
| v. | § | SMITH COUNTY, TEXAS |
| | § | |
| TRAVELERS LLOYDS OF TEXAS | § | |
| INSURANCE COMPANY AND | § | |
| AND RODNEY TROXLER | § | 114th JUDICIAL DISTRICT |

## **ORDER**

On _____, the Court considered the Agreed Motion to Withdraw and Substitute Counsel filed by Defendants, Travelers Lloyds of Texas Insurance Company and Rodney Troxler, and after reviewing the Motion the Court finds that the Motion should be GRANTED.

IT IS HEREBY ORDERED that Lugenbuhl, Wheaton, Peck, Rankin & Hubbard, a Law Corporation be and hereby is substituted for Quilling, Selander, Lownds, Winslett & Moser, P.C. as attorneys of record for Defendants, Travelers Lloyds of Texas Insurance Company and Rodney Troxler, in the above-captioned cause.

SIGNED this _____day of _____, 2015.


_____

JUDGE PRESIDING

AGREED TO IN SUBSTANCE
AND FORM:

LUGENBUHL, WHEATON, PECK, RANKIN &
   HUBBARD, A LAW CORPORATION

/s/ Rebecca A. Moore
Rebecca A. Moore
Texas Bar No. 24031701
rmoore@lawla.com
815 Walker Street, Suite 1447
Houston, Texas 77002
Telephone:  (713) 222-1990
Facsimile:  (713) 222-1996

ATTORNEYS FOR DEFENDANTS,
TRAVELERS LLOYDS OF TEXAS INSURANCE
COMPANY AND RODNEY TROXLER


QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.


 /s/ Alissa Puckett   (with permission)
Alissa Puckett
Texas Bar No. 24056886
apuckett@qslwm.com
Wm. Lance Lewis
Texas Bar No. 12314560
llewis@qslwm.com
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 871-2100
Facsimile:  (214) 871-2111

FORMER ATTORNEYS FOR DEFENDANTS,
TRAVELERS LLOYDS OF TEXAS INSURANCE
COMPANY AND RODNEY TROXLER