**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **MARCIO MARTINEZ AND NORMA PINEDA,** | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| **v.** | § | **Civil Action No. 6:15-cv-00905-MHS** |
| | § | |
| **TRAVELERS LLOYDS OF TEXAS INSURANCE COMOPANY AND RODNEY TROXLER,** | § | **JURY DEMANDED** |
| | § | |
| | § | |
| *Defendants*. | § | |

---

**PLAINTIFFS MARCIO MARTINEZ AND NORMA PINEDA'S
FIRST AMENDED COMPLAINT**

---

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Marcio Martinez and Norma Pineda ("Plaintiffs") and file this, *Plaintiffs' First Amended Complaint*, complaining of Travelers Lloyds of Texas Insurance Company ("TLTIC") and Rodney Troxler ("Troxler") (collectively referred to as "Defendants"), and for cause of action, Plaintiffs would respectfully show this Honorable Court the following:

## PARTIES

1.  Plaintiffs Marcio Martinez and Norma Pineda are individuals residing in Smith County, Texas.

2.  Defendant TLTIC is an insurance company engaging in the business of insurance in the State of Texas.  This defendant is properly before the Court.

3.  Defendant Rodney Troxler is an individual residing in and domiciled in the State of North Carolina.  This defendant is properly before the Court.

## JURISDICTION

4.      This case was originally filed in the District Court of Smith County, Texas, and all claims asserted arose under state law.   Defendants removed asserting federal diversity jurisdiction pursuant to 28 U.S.C. §1332.

## VENUE

5.      Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiffs' insured real property made the basis of this suit is situated in this district and division and all or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district and division.

## FACTS

6.      Plaintiffs are the owners of a Texas Homeowners' Insurance Policy (hereinafter referred to as "the Policy"), which was issued by TLTIC.

7.      Plaintiffs own the insured property, which is specifically located at 3216 Teakwood Drive, Tyler, Texas 75701, in Smith County (hereinafter referred to as "the Property").

8.      TLTIC sold the Policy insuring the Property to Plaintiffs.

9.      On or about May 14, 2015, a hail storm and/or windstorm struck Smith County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiffs' residence ("the Storm").  Specifically, Plaintiffs' roof sustained extensive damage during the storm, including numerous detached and/or damaged shingles.   Water intrusion through the roof caused significant damage throughout the entire home including, but not limited to, the home's ceilings, walls, insulation, and flooring.   Plaintiffs' home also sustained substantial structural and exterior damage during the Storm, including damage to the window(s).  Futhermore, the Storm caused significant damage to the fence and

storage shed located on the Property.  Immediately after the Storm, Plaintiffs filed a claim with their insurance company, TLTIC, for the damages to their home caused by the Storm.

10.     Plaintiffs submitted a claim to TLTIC against the Policy for Other Structure Damage, Roof Damage, Structural Damage, Water Damage, and Wind Damage the Property sustained as a result of the Storm.

11.     Plaintiffs asked that TLTIC cover the cost of repairs to the Property, including but not limited to, repair and/or replacement of the roof and repair of the exterior and interior water damages to the Property, pursuant to the Policy.

12.     On or about May 14, 2015, Plaintiffs reported their damages to Defendant TLTIC. Subsequently, Defendant TLTIC assigned Defendant Troxler as the individual adjuster on the claim.  The adjuster assigned to Plaintiffs' claim was improperly trained and failed to perform a thorough investigation of Plaintiffs' claim.  Specifically, on or about May 30, 2015—nearly two (2) weeks after Plaintiffs first reported their damages to TLTIC— Defendant Troxler conducted a substandard inspection of Plaintiffs' property.  For example, Troxler spent a mere twenty (20) minutes inspecting of the entire Property and failed to thoroughly inspect all of the damages to, both the interior and exterior of the Property.  The inadequacy of Troxler's inspection is further evidenced by his report dated June 3, 2015, which failed to include all of Plaintiffs' damages noted upon inspection. Specifically, Troxler only allowed for minor repairs to the roof and window(s).  Troxler also omitted many of the exterior damages from his report including, but not limited to, damages to the fence and storage shed.  Moreover, the damages that Troxler actually included in his report were grossly undervalued.  For example, Troxler refused to

acknowledge the extensive and obvious damage to the roof, even though the extensive damage to the roof warranted replacement.  Defendant Troxler underpriced the cost of materials required for necessary repairs, including the allotment for the roof, incorrectly applied material sales tax, and failed to include overhead and profit when his estimate should have included this allowance due to the multiple trades required to perform the remediation work on the affected dwelling.  Ultimately, Troxler's estimate did not allow adequate funds to cover the cost of repairs to all the damages sustained.

13.   Further, in his June 3, 2015 payment letter to Plaintiffs, Troxler completely failed to give any reason or explanation for his decision to not compensate Plaintiffs for all of the damages they had reported.  Although Troxler was aware of Plaintiffs' reported potential damages covered by the Policy, he made determinations as to the amount of Plaintiffs' claim without conducting thorough and reasonable inspection of Plaintiffs' damages.  Ultimately, Defendant Troxler determined that the damages were either not covered under the Policy and/or valued the damages below the applicable policy deductible, thus, no payment would be made on the claim.  Troxler's inadequate investigation was relied upon by State Farm in this action and resulted in Plaintiffs' claim being undervalued and underpaid.

14.   Defendant TLTIC, along with other TLTIC personnel, failed to thoroughly review and properly oversee the work of the assigned claims representative and adjusters, including Defendant Troxler, ultimately approving an improper adjustment of and an inadequate, unfair settlement of Plaintiffs' claim.   Further, Defendants TLTIC and Troxler misrepresented that Plaintiffs' damages were not covered under the Policy and/or did not exceed the Policy deductible, when the losses in fact, were properly covered damages

that far exceeded the deductible amount.  Specifically, TLTIC and Troxler represented to Plaintiffs that all of the damages to their Property were accounted for and that they adequately represented the amounts needed to repair the damages.  However, Defendants TLTIC and Troxler knew that the cost of repairs to all of the damages were grossly undervalued and that significant portions of the damages were either ignored or improperly adjusted.   Traveler denied and/or underpaid Plaintiffs' claim without performing a reasonable investigation.  As a result of these wrongful acts and omissions set forth above and further described herein, Plaintiffs were considerably underpaid on their claim and have suffered damages.

15.     Together, Traveler and Troxler set out to deny and/or underpay on properly covered damages.  As a result of this unreasonable investigation, including the under-scoping of Plaintiffs' Storm damages during the investigation and failure to provide full coverage for the damages sustained, Plaintiffs' claim was improperly adjusted, and they were denied adequate and sufficient payment to repair their home.  The mishandling of Plaintiffs' claim has also caused a delay in their ability to fully repair their home, which has resulted in additional damages.  To date, Plaintiffs have yet to receive the full payment to which they are entitled under the Policy.

16.     As detailed in the paragraphs below, TLTIC wrongfully denied Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs.  Furthermore, TLTIC underpaid some of Plaintiffs' claims by not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its investigation.

17.     To date, TLTIC continues to delay in the payment for the damages to the property.  As such, Plaintiffs have not been paid in full for the damages to their home.

18.     Defendant TLTIC failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy.  Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs.   TLTIC's conduct constitutes a breach of the insurance contract between TLTIC and Plaintiffs.

19.     Defendants TLTIC and Troxler misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence.  Defendants TLTIC's and Troxler's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE §541.060(a)(1).

20.     Defendants TLTIC and Troxler failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy.  Defendants TLTIC's and Troxler's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(2)(A).

21.     Defendants TLTIC and Troxler failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement.  Specifically, Defendants TLTIC and Troxler failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made.  Furthermore, Defendants TLTIC and Troxler did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle

Plaintiffs' claim.  Defendants TLTIC's and Troxler's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(3).

22.     Defendants TLTIC and Troxler failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time.  Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants TLTIC and Troxler.  Defendants TLTIC's and Troxler's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(4).

23.     Defendants TLTIC and Troxler refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendants TLTIC and Troxler failed to conduct a reasonable investigation.  Specifically, Defendants TLTIC and Troxler performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property.  Defendants TLTIC's and Troxler's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(7).

24.     Defendant TLTIC failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim, within the statutorily mandated time of receiving notice of Plaintiffs' claim.  TLTIC's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.055.

25.     Defendant TLTIC failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information.  TLTIC's conduct

constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.056.

26.   Defendant TLTIC failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay.  Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not received full payment for their claim.  TLTIC's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.058.

27.   From and after the time Plaintiffs' claim was presented to Defendant TLTIC, the liability of TLTIC to pay the full claim in accordance with the terms of the Policy was reasonably clear.  However, TLTIC has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment.  TLTIC's conduct constitutes a breach of the common law duty of good faith and fair dealing.

28.   Defendants TLTIC and Troxler knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

29.   As a result of Defendants TLTIC's and Troxler's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

30.   Plaintiffs' experience is not an isolated case.  The acts and omissions TLTIC committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of TLTIC with regard to handling these types of claims.

TLTIC's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## CAUSES OF ACTION:

### CAUSES OF ACTION AGAINST DEFENDANT TROXLER
### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

31.   Plaintiffs incorporate, re-allege, and adopt by reference the supportive, factual allegations contained in paragraphs 6 through 30 as though fully set forth herein.

32.   As previously mentioned, Defendant TLTIC assigned Defendant Troxler to adjust the claim.  Defendant Troxler was improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiffs' damages.  During all phases of the investigation, Defendant Troxler failed to properly assess Plaintiffs' storm damages.  Specifically, Defendant Troxler failed to take into account several specific instances of obvious damage and misrepresented that Plaintiffs' damages were either not covered under the Policy and/or valued the damages below the applicable policy deductible, thus, no payment would be made on the claim.  For example, Troxler's estimate only allowed for minor repairs to the roof and window(s) and omitted the damages to the fence and storage shed from his report.  Further, Troxler refused to acknowledge the extensive and obvious damage to the roof, even though the extensive damage to the roof warranted replacement.  Ultimately, Troxler's estimate did not allow adequate funds to cover the cost of repairs to all the damages sustained.  Although Troxler was aware of Plaintiffs' reported potential damages covered by the Policy, he made determinations as to the amount of Plaintiffs' claim without conducting thorough and reasonable inspection of Plaintiffs' damages.

33. The unreasonable investigation of Plaintiffs' damages as well as its consequences can all be attributed to Defendant TLTIC's inadequate policies and procedures and its failure to use properly trained adjusters on its losses.

34. Defendant Troxler's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE §541.060(a).   All violations under this article are made actionable by TEX. INS. CODE §541.151.

35. Defendant Troxler is individually liable for its unfair and deceptive acts, irrespective of the fact he was acting on behalf of TLTIC, because he is a "person" as defined by TEX. INS. CODE §541.002(2).   The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added).   (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

36. Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendant Troxler's misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiffs' damages; (2) stating that Plaintiffs' damages were less severe than they in fact were; (3) using his/her own statements about the non-severity of the damage as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to

provide an adequate explanation for the inadequate compensation Plaintiffs received. Defendant Troxler's unfair settlement practice, as described above and the example given herein, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(1).

37.     Defendant Troxler's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

38.     Defendant Troxler failed to explain to Plaintiffs the reasons for its offer of an inadequate settlement.   Specifically, Defendant Troxler failed to offer Plaintiffs adequate compensation without any explanation as to why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiffs' claim.  The unfair settlement practice of Defendant Troxler as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(3).

39.     Defendant Troxler's June 3, 2015, denial letter to Plaintiffs completely failed to give any reason or explanation for his decision to not compensate Plaintiffs for all of the damages

they had reported.  Defendant Troxler's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(4).

40.  Defendant Troxler did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiffs' exterior and interior damages, although reported by Plaintiffs to TLTIC.  Defendant Troxler's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(7).

## CAUSES OF ACTION AGAINST ALL DEFENDANTS

### FRAUD

41.  Plaintiffs incorporate, re-allege, and adopt by reference the supportive, factual allegations contained in paragraphs 6 through 40 as though fully set forth herein.

42.  Defendants TLTIC and Troxler are liable to Plaintiffs for common law fraud.

43.  The intentional undervaluing of covered storm damage by TLTIC and Troxler is prevalent in TLTIC's claim handling practices.  Defendants TLTIC and Troxler had an "eye to deny" Plaintiffs' claims.  This is evident in the superficial estimates and denials of the claims by the adjusters and TLTIC even when no proper inspection of the Property had been made.  For example, Defendant Troxler's assessment failed to allow sufficient funds to cover the cost to repair the extensive and obvious damage to Plaintiffs' property.  Moreover, TLTIC and Troxler severely underestimated and undervalued the cost of

repairs.  Specifically, they failed to allow sufficient funds to cover the cost of repairs, including, but not limited to, funds for the fence, window(s), storage shed, and failed to allow sufficient funds for the roof, even though the substantial damages to the roof warranted its total replacement.

44.  Defendants TLTIC and Troxler misrepresented that Plaintiffs' damages were not covered under the Policy and/or did not exceed the Policy deductible, when the losses in fact, were properly covered damages that far exceeded the deductible amount.  Specifically, TLTIC and Troxler represented to Plaintiffs that all of the damages to their Property were accounted for and that they adequately represented the amounts needed to repair the damages.  However, Defendants TLTIC and Troxler knew that the cost of repairs to all of the damages were grossly undervalued and that significant portions of the damages were either ignored or improperly adjusted.  Traveler denied and/or underpaid Plaintiffs' claim without performing a reasonable investigation.

45.  Defendants knew at the time the above misrepresentations were made to Plaintiffs that they were false because a significant portion of the damages were either ignored or improperly adjusted.   Troxler, who investigated and handled Plaintiffs' claim in accordance with the foregoing training, direction, and instruction provided by Defendant TLTIC, failed to perform a thorough inspection and evaluation of Plaintiffs' storm damages, failed to cover claims that were clearly covered and, thereby denying properly covered damages.  As a result, Plaintiffs relied upon the actions and statements of Defendants by not repairing the damages for lack of funds, and/or making temporary repairs using their own limited out-of-pocket funds, further prolonging Plaintiffs' hardship of living in a damaged house.

46.     Moreover, TLTIC initially represented in its Policy that covered damages would be insured against loss.  To their detriment, Plaintiffs purchased TLTIC's policy in exchange for a benefit TLTIC knew they would not fully receive.

47.     Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as they did, and which Defendants TLTIC and Troxler knew were false or made recklessly without any knowledge of their truth as a positive assertion.

48.     The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

### CONSPIRACY TO COMMIT FRAUD

49.     Plaintiffs incorporate, re-allege, and adopt by reference the supportive, factual allegations contained in paragraphs 6 through 48 as though fully set forth herein.

50.     Defendants TLTIC and Troxler are liable to Plaintiffs for conspiracy to commit fraud. Defendants TLTIC and Troxler were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means.  In reaching a meeting of the minds regarding the course of action to be taken against Plaintiffs, Defendants TLTIC and Troxler committed an unlawful, overt act to further the object or course of action.  Plaintiffs suffered injury as a proximate result.

### CAUSES OF ACTION AGAINST TLTIC ONLY

51.     Plaintiffs incorporate, re-allege, and adopt by reference the supportive, factual allegations contained in paragraphs 6 through 50 as though fully set forth herein.

52.   Defendant TLTIC is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

## BREACH OF CONTRACT

53.   Plaintiffs incorporate, re-allege, and adopt by reference paragraphs 6-52 as though fully set forth herein.

54.   Defendant TLTIC's conduct constitutes a breach of the insurance contract made between TLTIC and Plaintiffs.

55.   Defendant TLTIC's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of TLTIC's insurance contract with Plaintiffs.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

56.   Plaintiffs incorporate, re-allege, and adopt by reference paragraphs 6-55 as though fully set forth herein.

57.   Defendant TLTIC's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE §541.060(a).   All violations under this article are made actionable by TEX. INS. CODE §541.151.

58.   Defendant TLTIC's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(1).

59.     Defendant TLTIC's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though TLTIC's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

60.     Defendant TLTIC's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(3).

61.     Defendant TLTIC's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(4).

62.     Defendant TLTIC's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(7).

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
## THE PROMPT PAYMENT OF CLAIMS

63.     Plaintiffs incorporate, re-allege, and adopt by reference paragraphs 6-62 as though fully set forth herein.

64.    Defendant TLTIC's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are made actionable by TEX. INS. CODE §542.060.

65.    Defendant TLTIC's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

66.    Defendant TLTIC's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.056.

67.    Defendant TLTIC's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### ACTS CONSTITUTING ACTING AS AGENT

68.    Plaintiffs incorporate, re-allege, and adopt by reference paragraphs 6-67 as though fully set forth herein.

69.    As referenced and described above, and further conduct throughout this litigation and lawsuit, Troxler is an agent of TLTIC based on its acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

70.     Separately, and/or in the alternative, as referenced and described above, TLTIC ratified the actions and conduct of Troxler including the completion of its duties under the common law and statutory law.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

71.     Plaintiffs incorporate, re-allege, and adopt by reference paragraphs 6-70 as though fully set forth herein.

72.     Defendant TLTIC's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

73.     Defendant TLTIC's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, TLTIC knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

74.     Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

## DAMAGES

75.     Plaintiffs incorporate, re-allege, and adopt by reference paragraphs 1-74 as though fully set forth herein.

76.     Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

77.     As previously mentioned, the damages caused by the Storm have not been properly addressed or repaired in the months since the storm, causing further damages to the

Property, and causing undue hardship and burden to Plaintiffs.  These damages are a direct result of Defendant TLTIC's and Troxler's mishandling of Plaintiffs' claim in violation of the laws set forth above.

78.     For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorney's fees.

79.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages.  TEX. INS. CODE §541.152.

80.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees.  TEX. INS. CODE §542.060.

81.     For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

82.     For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

83.     For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading.  Therefore,

Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

84.    Plaintiffs previously requested that all causes of action alleged herein be tried before a jury consisting of citizens residing in Smith County, Texas.  Plaintiffs have tendered the appropriate jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found.  In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

**MOSTYN LAW**

*/s/ René M. Sigman* _____
René M. Sigman
Texas Bar No. 24037492
rmsdocketefile@mostynlaw.com
3810 West Alabama St.
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

**ATTORNEY-IN-CHARGE FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on this, the 24th day of February, 2016, a true and correct copy of the foregoing instrument was electronically filed using the authorized ECF system and served on all counsel of record who are registered users of the ECF system, pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this District.

*/s/ René M. Sigman* _____
René M. Sigman